UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOYAL HEALTH & FITNESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TASKOOB, INC., et al., <br><br> Defendants. | Case No.: 23-CV-00382-RSH-NLS <br><br> **AMENDED ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br> **[ECF No. 6]** |

On December 8, 2022, Plaintiff Loyal Health & Fitness, Inc. brought this civil action against Defendants Taskoob, Inc. ("Taskoob"), Ramin Geramianfar, Mehrad Mehrain, and individual Does 1–50 in San Diego Superior Court. ECF No. 1-2. Defendants removed the case to federal court on February 28, 2023. ECF No. 1.

On March 21, 2023, Defendants filed a motion to dismiss for lack of personal jurisdiction and insufficient service of process (the "Motion"). ECF No. 6. The Motion has been fully briefed (ECF Nos. 8–9), and the Court finds the matter suitable for determination without oral argument. *See* Civ. L.R. 7.1. As set forth below, the Motion is denied.

I.   **Background**

The Complaint alleges as follows. Plaintiff is a Delaware corporation with its principal place of business in Cardiff-by-the-Sea, California. ECF 1-2 ¶¶ 1, 9. Defendant

Taskoob is a Canadian corporation with its principal place of business in Ontario, Canada. *Id.* ¶ 2. Defendants Geramianfar and Mehrain, the founders of Taskoob, are both residents of Ontario, Canada. *See id.* ¶¶ 2, 10.

On September 28, 2022, Plaintiff purchased the assets of Taskoob through the execution of an Asset Purchase Agreement ("APA") between Plaintiff and Defendants. *Id.* ¶ 10. The purchase price under the APA was $4,500,000, of which Plaintiff has paid $4,000,000 to date. *Id.* ¶ 10. Plaintiff alleges that the purchased assets include certain advertising accounts located on a platform owned by the technology company Meta (the "Meta Accounts"). *Id.* ¶ 10. Plaintiff brings three claims, each one arising from Defendants' failure to transfer these accounts to Plaintiff: (1) for fraudulent inducement; (2) for rescission based on unilateral mistake; and (3) for rescission based on mutual mistake. *Id.* ¶¶ 14, 24–53.

Plaintiff alleges that Defendants fraudulently induced Plaintiff into entering the APA by representing that the Meta Accounts would be transferred to Plaintiff, while never intending to effect the transfer. *Id.* ¶ 19. Plaintiff seeks damages and rescission. *Id.* at p. 11. Plaintiff alleges, in the alternative, that it is entitled to rescission of the APA based on unilateral or mutual mistake—either because Plaintiff mistakenly believed that Defendants would transfer the Meta Accounts, *id.* ¶¶ 45–46, or because both parties to the APA mistakenly believed that the transfer of the Meta Accounts to Plaintiff could be accomplished without also transferring a Taskoob "business account" on the same platform, which Defendants were unwilling to do, *id.* ¶¶ 50–51.

On March 17, 2023, over three months after Plaintiff filed this lawsuit in Superior Court, Defendant filed an action against Plaintiff for breach of contract in the U.S. District Court for the District of Delaware, *Taskoob Inc. v. Loyal Health & Fitness, Inc.*, 1:23-cv-00299-UNA (D. Del. Mar. 17, 2023).

/ / /

/ / /

/ / /

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(2)

A defendant may move to dismiss a case based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see* Fed. R. Civ. P. 4(k)(1)(A). Under California's long-arm statute, courts "may exercise personal jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004); *accord Mavrix Photo*, 647 F.3d at 1223. "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Id.* (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir.2010)); *accord Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). To establish a prima facie case, a plaintiff must "demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). "Although the plaintiff cannot simply rest on the bare

allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (internal citations and quotation marks omitted).

### B.     Federal Rule of Civil Procedure 12(b)(5)

"Service of process" is the legal term for the formal delivery of documents—the summons and complaint—that gives a defendant notice of a pending lawsuit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). "[S]ervice of process is the means by which a court asserts its jurisdiction over [a] person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004).

Federal Rule of Civil Procedure 4 governs service of process and outlines various requirements depending on the kind of defendant being served. Fed. R. Civ. P. 4(c)(1). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson*, 682 F.2d at 1347 (internal citations omitted).

Where a case is removed from state court to federal court, state law governs the question of whether service of process was sufficient prior to removal. *See Whidbee v. Pearce County State Mun. Ct.*, 857 F.3d 1019, 1023 (9th Cir. 2017). California law requires service of process to comport with the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") if process is served "[o]utside the United States." Cal. Civ. Proc. Code § 413.10(c).

Under the Hague Service Convention, because service here was attempted in Ontario Canada, the Ontario Rules of Civil Procedure govern sufficiency of service. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 5(1)(a), Nov. 15, 1965, 20 U.S.T. 361. Specifically, Article 5 of the Hague Service Convention requires service in a given state to comport with "a method

prescribed by [the state's] internal law for the service of documents in domestic actions upon persons who are within its territory." *Id.*

Under the Ontario Rules of Civil Procedure, "originating process" can be served personally or by a specified alternative to personal service. Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194 § 16.01(1). Rules 16.02 and 16.03, respectively, describe the personal and alternative service standards with respect to individuals and corporations. *Id*. §§ 16.02, 16.03.

Personal service on an individual can be effected "by leaving a copy of the document with the individual." *Id.* § 16.02(1)(a). Alternatively, where "an attempt is made to effect personal service at a person's place of residence and for any reason personal service cannot be effected," service may be effected by:

> (a) leaving a copy, in a sealed envelope addressed to the person, at the place of residence with anyone who appears to be an adult member of the same household; and
> (b) on the same day or the following day mailing another copy of the document to the person at the place of residence . . . .

*Id.* § 16.03(5).

Personal service on a corporation can be effected by "leaving a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business." *Id.* § 16.02(1)(c). Alternatively, service by mail is permitted "where the head office, registered office or principal place of business of a corporation . . . cannot be found at the last address recorded with the Ministry of Government and Consumer Services." *Id.* § 16.03(6).

### III. Analysis

Defendants argue that this Court does not have personal jurisdiction over any of the Defendants. ECF No. 6 at 9–16; ECF No. 9 at 5–10. Additionally, Defendants argue that none of the Defendants has been properly served with process. ECF No. 6 at 6–9; ECF No. 9 at 2–5. Plaintiffs argue that the Court has personal jurisdiction over each Defendant and

that Plaintiff properly served each Defendant under the Ontario Rules of Civil Procedure. ECF No. 8 at 5–15.

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

In opposing Defendants' motion to dismiss, Plaintiff does not argue that Defendants are subject to general jurisdiction in California, but rather that Defendants are subject to specific jurisdiction. *Id*. at 5–12. The Ninth Circuit analyzes specific jurisdiction using a three-prong test:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo*, 647 F.3d at 1227–28 (quoting *Schwarzenegger*, 374 F.3d at 802). A plaintiff "bears the burden of satisfying the first two prongs." *Id.* at 1228. If it does so, "the burden then shifts to [the defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985)).

#### 1.    *Purposeful Availment*

The Complaint alleges several meaningful contacts with Plaintiff in California. Plaintiff's principal place of business is in California. ECF No. 1-2 ¶ 1. Plaintiff negotiated the APA with Taskoob from California. *Id.* ¶ 23. Taskoob made the alleged misrepresentations to Plaintiff while Plaintiff was in California. *Id.* ¶¶ 12–13, 23. Plaintiff signed the APA in California. *Id.* ¶ 23. Plaintiff performed the APA in California, including funding an escrow and taking ownership of purchased apps. *Id.* Taskoob sent its representatives to Plaintiff in California, in order to transfer the computer code to Plaintiff pursuant to the APA. *Id.* Indeed, Defendant Mehrain submitted a declaration stating that he met with Plaintiff and its agents in California shortly after the APA was executed "for

the sole purpose of explaining how to access and compile the source code for the purchased applications." ECF No. 6-1 at ¶ 10.

Additionally, in responding to the Motion, Plaintiff submitted a declaration stating that Taskoob hired a negotiator located in California to negotiate the APA on Taskoob's behalf and that nearly all the negotiations took place in California. ECF No. 8-2 at ¶ 3.

Defendants respond that their contact with Plaintiff was "fortuitous," ECF No. 9 at 1, and that Defendants' actions were directed "at Plaintiff" rather than "toward California," *id.* at 6. Defendants rely on the Supreme Court's decision in *Walden v. Fiore*, 571 U.S. 277, 284 (2014), which held that, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."

In *Walden*, a police officer seized cash at the airport in Atlanta, Georgia, from airline passengers who had connections to Nevada. *Id.* at 279–81, 288–89. The Supreme Court held that the police officer lacked the minimal contacts with Nevada that were a prerequisite to the exercise of jurisdiction over him in Nevada. *Id.* at 288. The officer approached, questioned, and searched the individuals, and seized the cash at issue, in Georgia. *Id.* But the officer "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* at 289. The Court concluded that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State. . . . Petitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 291.

The facts presented here are different. As discussed above, Defendants negotiated a $4.5 million commercial contract with a California-based company, with negotiations, execution, and performance all occurring partially in California. Defendant used a

California-based negotiator.[1] One of Taskoob's two owners, Defendant Mehrain, travelled to California to meet with Plaintiff in connection with performance under the APA. The Court concludes that Defendants satisfied the first prong of *Mavrix Photo*, under which "the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Mavrix Photo*, 647 F.3d at 1227–28; *see Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020) ("In cases where we have held that a contract between a forum resident and a non-resident did not give rise to specific jurisdiction in the forum, we have done so because the business relationship between the parties was fleeting or its center of gravity lay elsewhere."); *Harris Rutsky*, 328 F.3d at 1130 ("The purposeful availment requirement is met if the defendant performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.") (internal quotation marks omitted).

### 2.   *Arises Out Of Or Relates To*

Defendants also argue a lack of nexus between Defendants' forum-related activities and Plaintiff's claims. ECF No. 6 at 13–14; ECF No. 9 at 7. Defendants contend that the "only in-person meeting in California post-dated the finalization of the parties' agreements." ECF No. 6 at 14. As described above, this is not Defendants' only contact with California. The Complaint alleges that the representations that are the subject of this

---

[1] Defendants argue in their reply brief that the Court should disregard the evidence that Taskoob hired a negotiator in California because that allegation was not included in the Complaint. ECF No. 9 at 6. But Defendants neither deny this fact nor offer any evidence to the contrary. The Court may consider this evidence. *See Zeller v. Optavia, LLC*, No. 22-CV-434-DMS-MSB, 2022 WL 17858034, at *2 (S.D. Cal. Dec. 22, 2022) ("In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion.").

lawsuit were made to Plaintiff, a California-based company, while Plaintiff was in California; and that the contract at issue was negotiated, executed, and performed in part in California. The Court thus concludes that Plaintiff's claims "arise[] out of or relate[] to the defendant's forum-related activities." *See Mavrix Photo*, 647 F.3d at 1227–28.

### 3. *Reasonableness*

Defendants argue that even if Plaintiff were able to satisfy the first two prongs of the Ninth Circuit's specific jurisdiction test, the final prong, reasonableness, is not satisfied. ECF No. 6 at 14–16. The Court disagrees.

In making the reasonableness determination, the Ninth Circuit considers the following seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) (citing *Harris Rutsky*, 328 F.3d at 1132).

Here, the first factor is neutral. There is no evidence that Defendants specifically marketed their mobile applications to Plaintiff or to other California companies. Nonetheless, Defendants actively sought to develop a business relationship with Plaintiff through negotiating and executing the APA.

The second factor is likewise neutral. Defendants do not argue that litigating in the United States is burdensome. Indeed, Defendants have sued Plaintiff in the District of Delaware for breach of contract. Defendants argue that it would be "burdensome" for them to litigate in two forums at the same time. ECF No. 6 at 15. However, there is no indication that the burden of defending a lawsuit in federal court in California is any greater for Plaintiff than the burden of prosecuting a lawsuit in federal court in Delaware.

Additionally, Defendants assumed this burden by filing their lawsuit in Delaware months after the instant action had been filed by Plaintiff.

The third factor favors exercising jurisdiction. Defendants do not assert that litigating this matter in California would create any conflict with the sovereignty of Canada, Defendants' country of residence.

The fourth factor favors exercising jurisdiction. Plaintiff is a California-based company bringing claims arising from Defendant's contacts with Plaintiff in California. California has an interest in adjudicating the dispute. The APA contains a provision allowing, but not requiring, suit to be brought in state or federal court in Delaware. ECF No. 6 at 15.

The fifth factor favors exercising jurisdiction. In evaluating where the dispute can be most efficiently resolved, the Ninth Circuit primarily looks at where the witnesses and the evidence are likely to be located. *Menken v. Emm*, 503 F.3d 1050, 1060–61 (9th Cir. 2007). Although Plaintiff is incorporated in Delaware, witnesses and evidence relevant to the representations made by Defendants are more likely to be located in California than in Delaware.

The sixth factor favors exercising jurisdiction. Plaintiff chose to litigate in the forum where its business and witnesses are located.

The seventh factor is neutral. Although there is a pending lawsuit between the same parties relating to the same agreement in another forum, the instant action was filed first, such that that Defendants could reasonably expect to defend this action here.

The majority of the factors weigh in favor of exercising jurisdiction. For the Court to decline the exercise of personal jurisdiction due to unreasonableness would require the Defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *See Burger King*, 471 U.S. at 477. Defendants have not carried their burden here.

Accordingly, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction.

### B. Motion to Dismiss for Insufficient Service

Defendants argue that Plaintiff did not satisfy the personal or alternative standards of service under the Ontario Rules of Civil Procedure with respect to any of the Defendants. ECF No. 9 at 2–5. Plaintiff argues that alternative service under Rule 16.03(5) was effected with respect to Defendants Mehrain and Geramianfar (ECF No. 8 at 14–15), and that both the personal and alternative service standards are satisfied with respect to Defendant Taskoob. *Id*. at 14.

#### 1. *Defendant Mehrain*

Plaintiff does not claim that Defendant Mehrain was personally served.[2] Rather, Plaintiff asserts that the alternative service standard under the Ontario Rules of Civil Procedure Rule 16.03(5) was satisfied by leaving a copy of the Summons and Complaint with Defendant Mehrain's mother, Mahvash Mehrain, at 59 Baltic Street; and by mailing another copy to the same address. ECF No. 8 at 14–15. Plaintiff states that this alternative method of service was used only after personal service on defendant Mehrain was attempted three times. *Id.* at 15.

Defendants contend that the alternative service standard was not satisfied here because Defendant Mehrain does not reside at 59 Baltic Street. ECF No. 9 at 4. Defendants offer a declaration from Defendant Mehrain stating that as of January 30, 2023 (the date that his mother was served), he did not live at 59 Baltic Street, and has not lived there since then. ECF No. 6-1 ¶ 13. They also offer a declaration from Ms. Mahvash Mehrain stating

---

[2] The proof of service attached to Plaintiff's Complaint indicated that the process server personally served both Defendants Mehrain and Geramianfar. ECF No. 1-4. However, in its opposition to the pending Motion, Plaintiff included updated proofs of service, which Plaintiff obtained from its process server after Defendants' counsel contacted Plaintiff's counsel and stated that Defendants had not been served. ECF No. 8 at 4. These updated proofs of service indicate that Defendants Mehrain and Geramianfar were served by "substituted service," not "personal service." *See* ECF Nos. 8-10, 8-11.

that this is her home; that she has never been in any way affiliated with Taskoob; and that her son no longer lived at the address in January 2023. ECF No. 6-5 ¶¶ 4, 5, 11.

The documentary evidence undermines these declarations. As set forth in Canadian public filings, Taskoob is an active corporation, incorporated in 2018. ECF No. 8-5 at 1. It has two directors, Defendants Mehrain and Geramianfar. *Id.* at 2. The address of the corporation is 59 Baltic Street, Richmond Hill, Ontario, Canada. ECF No. 8-6 at 1. Defendant Mehrain has the same address as the corporation, while Defendant Geramianfar has the address of 56 George Kirby Street, Vaughan, Ontario, Canada. *Id.* The form containing these addresses was signed by Defendant Mehrain. *Id.*

Additionally, the complaint filed by Taskoob in Delaware attaches the APA as an exhibit. ECF No. 8-13 at 9. The APA is dated as of September 28, 2022. *Id.* It identifies Taskoob's address as 59 Baltic Street, and identifies Defendants Mehrain and Geramianfar as Taskoob's founders. *Id.* The APA provides that all notices to Taskoob shall be made to Taskoob at 59 Baltic Street, and includes both Defendants Mehrain and Geramianfar as addressees at that same address for purposes of receiving notice. *Id.* at 27. The APA was signed by Defendant Mehrain as well as the other parties. *Id.* at 30.

In short, Taskoob's address is, and at all relevant times has been, 59 Baltic Street. Defendant Mehrain represented in Canadian corporate filings that this was his address too, and in December 2022, signed the APA similarly identifying that address as his own. This address belongs to his mother, who lives there. Defendants are asking the Court to accept that Defendant Mehrain moved out, but that the house where Ms. Mehrain lives continues to serve as the business address of Taskoob—even though Ms. Mehrain herself has no affiliation with the company. The Court rejects this apparent gamesmanship and concludes, based on Defendant Mehrain's own signed statements and Taskoob's corporate filings, that for purposes of service of process, 59 Baltic Street is Defendant Mehrain's "place of residence."

/ / /

/ / /

### 2. *Defendant Geramianfar*

In contrast, the record does not reflect that Defendant Geramianfar resides or has ever resided at 59 Baltic Street. Although the APA identifies him as an addressee at that location, this fact—when considered in connection with corporate records reflecting that 59 Baltic Street is his co-founder's address and that Defendant Geramianfar lives at a different address—is insufficient to establish that 59 Baltic Street is his "place of residence." That service is ineffective and will be quashed. *See Pathak v. Omaha Steaks Intern., Inc.*, No. CV 10-7054, 2011 WL 1152656, at *1 (C.D. Cal. Mar. 28, 2011) ("If the Court determines that the plaintiff has not properly served the defendant in accordance with Federal Rule of Civil Procedure 4, the Court has discretion to either dismiss the action for failure to effect proper service, or instead retain the action and quash the ineffective service that has been made on the defendant in order to provide the plaintiff with the opportunity to properly serve the defendant.").

In cases removed from state court, a plaintiff may serve process after removal if service of process was defective or was not attempted before removal. *Whidbee*, 857 F.3d at 1023 (holding that the Federal Rules of Civil Procedure apply to a civil action after removal). Rule 4, which governs service of process in a civil action after removal, is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)).

While Rule 4(m) generally provides the applicable time limit within which service has to be effected, it "does not apply to service in a foreign country[.]" Fed. R. Civ. P. 4(m); *Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) (holding that the requirement of service within the time limit prescribed by Rule 4 was inapplicable to service in a foreign country). Accordingly, the Court grants Plaintiff leave to serve Defendant Geramianfar within sixty (60) days from the date of this Order. In the event that Plaintiff fails to effect service within this period, Defendants may renew their motion to dismiss for lack of service of process as to Defendant Geramianfar.

13
23-CV-00382-RSH-NLS

### 3. *Defendant Taskoob*

The personal service standard for a corporation under the Ontario Rules of Civil Procedure Rule 16.02(1)(c) requires "leaving a copy of the document with an officer, director or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the place of business." Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194 § 16.02(1)(c). Plaintiff contends that this requirement was fulfilled by leaving the Summons and Complaint with Defendant Mehrain's mother, Ms. Mehrain, the only adult present at Taskoob's registered address. ECF No. 8 at 14.

Defendants argue that leaving the Summons and Complaint with Ms. Mehrain was not sufficient to effect personal service on Taskoob because Ms. Mehrain has never been professionally affiliated with Taskoob nor ever been authorized to accept service on behalf of Taskoob. ECF No. 6 at 8; ECF No. 9 at 3. As discussed above, the Court concludes that 59 Baltic Street is the business address of Taskoob. Ms. Mehrain identifies this address as "my home," ECF No. 6-5 ¶ 5, and she was the person present when service was attempted, *id.* ¶ 7. It follows that she was "a person at any place of business of the corporation" who appeared to be in control or management of "the place of business," whether or not she appeared to be in control of Taskoob as a company.[3] Accordingly, personal service under Rule 16.02(1)(c) has been properly effected with respect to Defendant Taskoob.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] Ontario courts have interpreted Rule 16.02(1)(c) to require "service on a person who 'appears' to be in control or management of *the premises*." *Darlind Const., Inc. v. Rooflifters, LLC*, 2009 CanLII 13617, para. 28 (Can. Ont. Sup. Ct. J.) (emphasis added).

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**. ECF No. 6. Service of process as to Defendant Geramianfar is **QUASHED**; the Court **GRANTS** Plaintiff leave to serve Defendant Geramianfar within sixty (60) days from the date of this Order.

**IT IS SO ORDERED**.

Dated: June 9, 2023

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge